UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CLIFTON DAVIS, *pro se*,

               Petitioner,

    -against-

M. BRADT, WARDEN,

              Respondent.
---------------------------------------------------------x

**SUMMARY ORDER**

10-CV-3587 (DLI)

**DORA L. IRIZARRY, U.S. District Judge:**

On May 16, 1996, *pro se* Petitioner Clifton Davis was convicted of robbery in the first and second degrees, and was sentenced to a term of imprisonment of 20 years to life. He appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department, which affirmed the conviction on June 15, 1998. *See People v. Davis*, 251 A.D.2d 511 (2d Dept. 1998). On October 27, 1998, the New York State Court of Appeals denied petitioner leave to appeal. *See People v. Davis*, 92 N.Y.2d 949 (1998). Petitioner did not seek a writ for certiorari with the United States Supreme Court. On August 2, 2010, petitioner brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the entry of this Order, showing cause why the petition should not be dismissed as time-barred.

## DISCUSSION

I. <u>The AEDPA Statute of Limitations</u>

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a "properly filed" application for state post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), *cert. denied*, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002) (quoting *Smith*, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000). *See also Day*

*v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125 (citing *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) and *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994)).

II. <u>Application of the Law to this Case</u>

The facts alleged in the petition suggest that petitioner's application for habeas corpus relief is time-barred. The New York State Court of Appeals denied leave to appeal the conviction on October 27, 1998, and petitioner did not seek a writ of certiorari from the United States Supreme Court. Accordingly, the judgment became final on January 25, 1999, when the time for seeking further review expired. If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had until January 25, 2000 to file his petition.

On the record before the court, it does not appear that petitioner can benefit from statutory tolling under 28 U.S.C. § 2244(d)(2). Petitioner alleges that he filed three post-conviction motions. On May 28, 1999, petitioner filed a motion pursuant to N.Y. Crim. Pro. Law 440.10 which was denied on August 24, 1999. (Petition at 4 ¶ 11 (a)(3)(8).) On June 20, 2008, petitioner filed a writ of error *coram nobis* which was denied on November 12, 2008. (Petition at 5 ¶ 11 (c)(3)(8)). On February 20, 2009, the New York State Court of Appeals denied petitioner leave to appeal the denial of the writ of error *coram nobis*. On May 27, 2009, petitioner filed a motion pursuant to N.Y. Crim.

3

Pro. Law 440.20 which was denied on March 26, 2010. (Petition at 4-5 ¶ 11 (b)(3)(8)).

Petitioner's second 440 motion and his writ of error *coram nobis* cannot be counted for tolling purposes under 2244(d)(2) because they were filed after the one-year statute of limitation period had expired. Moreover, even excluding the time that petitioner's first 440 motion was pending from May 1999 until August 1999, the instant petition still was filed at least ten years late.

Accordingly, the petition may be time-barred unless there is a basis for equitable tolling of the statute of limitations. Equitable tolling is appropriate only where rare and exceptional circumstances prevented the petitioner from filing his application on time. Here, petitioner asserts that due to his appellate counsel's ineffective assistance he was unaware of the claims necessary to file the instant petition. However, such a circumstance does not entitle him to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2553 (2010) (a "garden variety claim of excusable neglect" or mere simple negligence by a petitioner's attorney does not constitute extraordinary circumstances sufficient to warrant equitable tolling). Petitioner further alleges that, upon discovery of the underlying claims he acted "diligently." (Petition at 14, ¶ 18.) Even assuming that to be true, such a reason is also insufficient for equitable tolling. Accordingly, petitioner is directed to show cause by affirmation, within thirty (30) days from the date of this Order, *i.e.*, on or before November 5, 2010, why the AEDPA statute of limitations should not bar the instant petition. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). In light of petitioner's *pro se* status, an affirmation form is attached to this Order for convenience.

## CONCLUSION

For the reasons set forth above, petitioner is directed to show cause by affirmation, within thirty (30) days of the entry of this Order, *i.e.*, on or before November 5, 2010, why the AEDPA statute of limitations should not bar the instant petition. If petitioner believes that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case, or if he filed additional state court petitions that would toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2), or has additional grounds for equitable tolling of the statute of limitations, he shall present the supporting facts to the court in his affirmation and shall append to his affirmation documentary evidence, if available, supporting his allegations. No response shall be required from respondent at this time and all further proceedings shall be stayed until the petitioner has complied with this Order, but not later than November 5, 2010. If petitioner fails to comply with this Order by November 5, 2010, the instant petition will be dismissed as time-barred.

SO ORDERED.

Dated: Brooklyn, New York
October 6, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CLIFTON DAVIS,                              :
                                            :
                Petitioner,          :          **PETITIONER'S AFFIRMATION**
                                            :
   -against-                               :          10-CV-3587 (DLI)
                                            :
M. BRADT, WARDEN,                           :
                                            :
                Respondent.         :
--------------------------------------------------------x

STATE OF NEW YORK      }
                       } ss:
COUNTY OF _____   }

      I, CLIFTON DAVIS, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in this action and I respectfully submit this affirmation in response to the court's Order dated October 6, 2010. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

1

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2. In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____ 　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Address

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　City, State & ZIP