UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
CLIFTON DAVIS, *pro se*,                                   :
                                                           :
                              Petitioner,                  :
                                                           :     **MEMORANDUM AND ORDER**
              -against-                                    :     10-CV-3587 (DLI)
                                                           :
M. BRADT, WARDEN,                                          :
                                                           :
                              Respondent.                  :
---------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

On August 2, 2010, Clifton Davis ("Petitioner") filed the instant *pro se*[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1996 conviction in New York State Supreme Court, Kings County. The Court conducted an initial consideration of the petition, determined that it may be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), and directed Petitioner to show cause why the petition should not be dismissed as time-barred. (Docket Entry No. 2.) For the reasons set forth below, upon review of Petitioner's written affirmation, the Court finds that Petitioner has failed to demonstrate that the petition is timely or that he is entitled to tolling of the statute of limitations. Therefore, the petition is dismissed as time-barred.

---

[1] The Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court construes *pro se* pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

## **DISCUSSION**

**I.     28 U.S.C. § 2244(d)**

The AEDPA, signed into law on April 24, 1996, provides that a one-year period of limitation "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

      A.     Section 2244(d)(1)(A)

The judgment of conviction being challenged by this petition was entered in New York State Supreme Court, Kings County, on June 13, 1996; the New York State Supreme Court, Appellate Division, Second Department, affirmed the conviction on June 15, 1998, *People v. Davis*, 251 A.D.2d 511 (2d Dep't 1998); and the New York State Court of Appeals denied Petitioner leave to appeal on October 27, 1998. *People v. Davis*, 92 N.Y.2d 949 (1998). Petitioner did not petition the U.S. Supreme Court for a writ of certiorari. (Affirmation of Clifton Davis ("Davis Affirmation") ¶ 4, Docket Entry No. 5.) Under these facts, pursuant to Section 2244(d)(1)(A), Petitioner's conviction became final on January 25, 1999, 90 days from the date

the New York State Court of Appeals denied Petitioner leave to appeal. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). Therefore, the instant petition should have been filed in this Court on or before January 25, 2000. Instead, it was filed more than ten and one-half years later on August 2, 2010.

B. Section 2244(d)(1)(D)

Petitioner contends that he should have the tolling benefit of Section 2244(d)(1)(D) because he did not discover the factual predicate of his habeas claim until May 2009. (Davis Affirmation ¶¶ 16-17, 23, 26.) In evaluating whether Section 2244(d)(1)(D) applies, Courts must "determine when a duly diligent person in petitioner's circumstances would have discovered" the underlying basis for which he seeks habeas relief. *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000). In other words, the relevant inquiry is whether the facts supporting the underlying claim *could* have been discovered, "regardless of whether petitioner *actually* discovers the relevant facts at a later date." *Id.* at 186 (emphasis added). Petitioner bears the burden to show that he exercised due diligence in discovering the factual predicate of his claim. *Shabazz v. Filion*, 402 F. App'x 629, 630 (2d Cir. Dec. 6, 2010).

Here, Petitioner seeks habeas relief on the basis that his "1980 New York County conviction for attempted third-degree criminal possession of a weapon was improperly used to adjudicate him as a persistent violent felony offender." [2] (Davis Affirmation ¶ 6.) According to Petitioner, he "did not discover the facts supporting his claim until May, 2009," when:

---

[2] Specifically, Petitioner contends that his 1980 conviction:

> could not be used to adjudicate him [as] a second violent felony offender because the New York county court had not informed [him], when he plead guilty, that "he knew the Constitutional rights he was waiving at the time he took the plea." The minutes of petitioner's guilty plea at his 1980 New York county conviction showed that the court had not informed him that, by pleading guilty, he was

3

following the full round of state appeals, and after a fortuitous conversation with an assigned legal clerk, concerning the illegality of the imposed recidivist term of imprisonment, petitioner undertook a series of post-judgment applications, including the June 1, 2009 state court motion, contending that the County Court illegally imposed a recidivist sentence, who was however, estopped from imposing such a term . . . .

(Davis Affirmation ¶¶ 23, 26.)

As a preliminary matter, Petitioner's assertion that he recently learned of the legal viability of his claim from a law clerk is insufficient to reset the beginning date of the limitations period under Section 2244(d)(1)(D). *See, e.g.*, *Patel v. Martuscello*, 2011 WL 703943, at *3 (E.D.N.Y. Feb. 16, 2011) ("While it may be true that petitioner was not aware of the legal basis for such claims until a later date, § 2244(d)(1)(D) deals only with the discovery of predicate facts, not their legal significance."); *Singleton v. Cunningham*, 2011 WL 2293232, at *6 (E.D.N.Y. June 6, 2011) ("[T]o the extent that petitioner claims a violation of his Sixth Amendment rights due to ineffective counsel and failure to raise this issue, the factual predicate for that claim arose at the time of his trial.").

Furthermore, although Petitioner contends that he recently learned that transcripts of the sentencing and plea allocution hearings were still available (Davis Affirmation ¶ 7), that argument, too, is unavailing because Petitioner was already on notice of the facts supporting his claim years before he filed this petition. *See Giles v. Smith*, 2010 WL 4159468, at *5 (S.D.N.Y. Oct. 8, 2010) (holding that limitations period begins to run "from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim" (quoting *Lucidore v. New York State Div. of Parole*, 1999 WL 566362, at *5 (S.D.N.Y. Aug. 3, 1999), *aff'd*, 209 F.3d 107 (2d Cir. 2000)). Indeed, by

---

waiving his rights against self-incrimination, to testify, and to present witnesses on his own behalf. (Davis Affirmation ¶¶ 8-9.)

no later than January 25, 1999, the date Petitioner's judgment of conviction became final, Petitioner knew, or should have known, the factual predicates of his claim, namely, that: (1) he, in fact, was adjudicated as persistent violent felony offender based on his 1980 conviction; and (2) his trial and appellate counsel did not challenge the recidivist term of imprisonment.

Accordingly, Petitioner has failed to provide facts sufficient to commence the statute of limitations at a later date under 28 U.S.C. § 2244(d)(1)(D).

## II. Statutory Tolling

In calculating a one-year statute of limitations period, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted . . . ." 28 U.S.C. § 2244(d)(2). "[The] proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000).

In its October 6, 2010 Memorandum and Order, the Court noted as follows:

> On the record before the court, it does not appear that petitioner can benefit from statutory tolling under 28 U.S.C. § 2244(d)(2). Petitioner alleges that he filed three post-conviction motions. On May 28, 1999, petitioner filed a motion pursuant to N.Y. Crim. Pro. Law 440.10 which was denied on August 24, 1999. (Petition at 4 ¶ 11(a)(3)(8).) On June 20, 2008, petitioner filed a writ of error *coram nobis* which was denied on November 12, 2008. (Petition at 5 ¶ 11(c)(3)(8)). On February 20, 2009, the New York State Court of Appeals denied petitioner leave to appeal the denial of the writ of error *coram nobis*. On May 27, 2009, petitioner filed a motion pursuant to N.Y. Crim. Pro. Law 440.20 which was denied on March 26, 2010. (Petition at 4–5 ¶ 11(b)(3)(8)).
>
> Petitioner's second 440 motion and his writ of error *coram nobis* cannot be counted for tolling purposes under 2244(d)(2) because they were filed after the one-year statute of limitation period had expired. Moreover, even excluding the time that petitioner's first 440 motion was pending from May 1999 until August 1999, the instant petition still was filed at least ten years late.

*Davis v. Bradt*, 2010 WL 3943450, at *2-3 (E.D.N.Y. Oct. 6, 2010).

In his affirmation, Petitioner cites the same three post-conviction motions that were previously identified in his habeas petition and considered by this Court. (Davis Affirmation ¶¶ 5, 6, 17.) Accordingly, for the reasons previously stated in this Court's October 6, 2010 Memorandum and Order, Section 2244(d)(2) does not provide a basis upon which Petitioner may timely pursue his habeas petition.

### III.  Equitable Tolling

Even though Petitioner's claims are time-barred under the AEDPA statute of limitations, he may still avail himself of the doctrine of equitable tolling if he can demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way,' and prevented timely filing.'" *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2562 (2010). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Equitable tolling is not warranted here because Petitioner fails to demonstrate that he has been pursuing his rights diligently. Most notably, the affirmation fails to identify *any* action taken by Petitioner to pursue his rights between August 24, 1999, the date Petitioner's first post-conviction motion was denied, and June 20, 2008, the date Petitioner's second post-conviction motion was filed.

Additionally, Petitioner fails to demonstrate that extraordinary circumstances stood in his way and prevented timely filing. According to Petitioner,

6

> the 'extra-ordinary circumstances' at issue involve his attorney's failure to satisfy professional standards of care. Here, despite the obvious error in imposing a recidivist sentence based upon a previous adjudication by the state court, appellate counsel's omission of this glaring error, may not be disparaged . . . .

(Davis Affirmation ¶ 19.) However, Petitioner fails to demonstrate a "causal relationship" between his counsel's failure to raise this particular claim on direct appeal and Petitioner's failure to timely file his habeas petition. *See, e.g.*, *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003); *Thomas v. Donnelly*, 2010 WL 4628009, at *4 (S.D.N.Y. Nov. 16, 2010) (holding that because petitioner "ha[d] utterly failed to demonstrate how his appellate counsel's failure to raise the sentencing claim on direct appeal interfered with his ability to timely file his federal habeas petition, [he was] not entitled to equitable tolling of the AEDPA limitations period"); *Gordon v. Cunningham*, 2008 WL 5099950 at *4 (S.D.N.Y. Dec. 2, 2008) (concluding that even if petitioner's ineffective assistance of counsel claim were meritorious, "it does not give rise to an equitable toll because there is no causal relationship between the trial counsel's conduct and the failure to timely file the petition").

For these reasons, Petitioner is not entitled to equitable tolling of the AEDPA limitations period.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is dismissed as time-barred. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       August 28, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge